IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON SMITH, individually, | * * * |
| Plaintiff, | * * |
| v. | * Case No._____ * |
| PARK PLACE RETAIL PARTNERS d/b/a PARK PLACE SHOPPING, CENTER, | * * * * |
| Defendant. | * |

# COMPLAINT

Plaintiff BRANDON SMITH ("SMITH" or "Plaintiff") hereby sues Defendant PARK PLACE RETAIL PARTNERS, d/b/a PARK PLACE SHOPPING CENTER ("PARK PLACE RETAIL PARTNERS" or "Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C.

§ 12181 *et seq.*, based upon Defendant PARK PLACE RETAIL PARTNERS'S failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3. Plaintiff, BRANDON SMITH, is and has been at all times relevant to the instant matter, a natural person residing in Tennessee and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA.

5. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make his home

community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning to the Subject Facility as soon as it is accessible ("Advocacy Purposes").

8. Defendant, PARK PLACE RETAIL PARTNERS, is a domestic partnership conducting business in the State of Tennessee and within this judicial district.

## FACTUAL ALLEGATIONS

9. In February of 2021, Plaintiff attempted to but was deterred from patronizing, and/or gaining equal access as a disabled patron to the Chipotle Restaurant at 2825 West End Ave., Nashville, Tennessee ("Subject Facility", "Subject Property").

10. PARK PLACE RETAIL PARTNERS, is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically the Subject Property and its attendant facilities, including vehicular parking and exterior paths of travel within the site identified by the Nashville Planning Department by Parcel ID: 10402039600 ("Subject Facility", Subject Property).

11. Plaintiff visits his doctor's office monthly that is less than (10) miles from the Subject Property.

12. Because the Chipotle Restaurant is in the immediate vicinity of the Plaintiff's doctor's office, he is constantly in the area where the Subject Property is located and therefore travels near the Subject Property each time he travels to his doctor's office, i.e., numerous times every month.

13. Plaintiff's access to the Subject Property and/or full and equal enjoyment of the services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, PARK PLACE RETAIL PARTNERS, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

14. Plaintiff has visited, and/or attempted to patronize the Subject Property on multiple prior occasions, and at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

15. Plaintiff intends on revisiting the Subject Property to enjoy the same shopping experience and related services as a non-disabled patron as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

16. Plaintiff traveled to the Subject Property as a customer and as an independent advocate for the disabled, and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Subject Property.

## **COUNT I – CLAIM FOR INJUNCTIVE RELIEF**
**(Against Defendant for ADA Violations)**

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. The Subject Property is a public accommodation and service establishment.

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

20. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

21. The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

22. Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in his capacity as an intended patron and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

23. Plaintiff intends to visit the Subject Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of the Subject Property but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude

and/or limit his access to the Subject Property and/or the services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

24. Defendant, PARK PLACE RETAIL PARTNERS, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

25. Defendant, PARK PLACE RETAIL PARTNERS, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, PARK PLACE RETAIL PARTNERS, is compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

26. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

## ACCESSIBLE PARKING

a. There is no van accessible parking identified as such with upright "Van Accessible" signage in violation of Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

b. The purported accessible parking spaces are not level in all directions and have areas of uneven, broken pavement because of Defendant's history and practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

c. The plaintiff could not safely utilize the parking facility because the access aisle serving the designated accessible parking space is not level in all directions (creating small pools of standing water within the spaces in rainy conditions) because of Defendant's practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. These violations made it dangerous and difficult for Plaintiff to transfer from his vehicle to his wheelchair (and vice versa) using the designated accessible parking.

## ACCESSIBLE ROUTES/RAMPS

d. The curb ramps from the parking lot to the walkway along the route to the stores lack a level top and bottom landing area. Violation: The curb ramp has no level landing area in violation of Section 4.8.4 of the 1991ADAAG and Section 406.4 of the 2010 ADAAG. This violation prevented equal access to the plaintiff

and caused Plaintiff undue upset and loss of opportunity.

e. There is no accessible route provided within the site from the public sidewalk which serves the facility. Violation: There is no accessible route connecting the public sidewalk serving the subject facility and any accessible entrance(s) in violation of Section 4.3.2 of the 1991 ADAAG and Section 206.2.1 of the 2010 ADAAG. This violation prevented equal access to the Subject Property and caused Plaintiff undue upset and loss of opportunity.

f. The access aisle adjacent to the designated accessible space has a curb ramp projecting into it and/or has surfaces which are otherwise not level in all directions in violation of 28 CFR § 36.211, Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

## ACCESS TO GOODS/SERVICES
### (interior)

g. The self-serve tableware, cups, straws, condiments, and/or drink dispensers are positioned too high for wheelchairs users to reach. Violation: The self-serve tableware, dishware, cups, straws, condiments, food and/or operable parts of the drink dispensers exceed the maximum allowable height for a vertical (side) reach in violation of Section 5.2 of the 1991 ADAAG and Sections 308.3.2 and 904.5.1 of the 2010 ADAAG. This violation prevented Plaintiff's access to these items equal to that of Defendant's able-bodied customers and caused Plaintiff humiliation and embarrassment.

## RESTROOMS
## (interior)

h. The pressure setting on the accessible restroom door closer has not been maintained properly by Defendant which has caused the pressure required to open/close the restroom door to increase with time and use such that the restroom door requires excessive force to open. Violation: The restroom door requires more than the maximum allowable opening force for an interior hinged door (5 foot pounds-force) in violation of Section 4.13.11 of the 1991 ADAAG and Section 404.2.9 of the 2010 ADAAG Standards. This accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211. These violations prevented access to Plaintiff equal to that of able-bodied individuals and caused Plaintiff undue upset and loss of opportunity.

## MAINTENANCE PRACTICES

i. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity, anxiety, humiliation and/or embarrassment.

j. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible

elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused Plaintiff loss of opportunity, anxiety, embarrassment and/or humiliation.

mm. Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendant prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity, anxiety, humiliation and/or embarrassment.

27. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that

the defendant does not intend to comply with the ADA.

28. The defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the services, facilities, privileges, advantages and accommodations of the Subject Property as Defendant's able-bodied patrons.

29. Accessible elements at the Subject Property have been altered and/or constructed since 2010.

30. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

31. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

32. Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

33. Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

34. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendant.

35. Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

36. By continuing to maintain and/or operate the Subject Property with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

37. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

38. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, PARK PLACE RETAIL PARTNERS, is required to

remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

39. Plaintiff's requested relief serves the public interest.

40. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, PARK PLACE RETAIL PARTNERS, pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

41. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, PARK PLACE RETAIL PARTNERS, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, PARK PLACE RETAIL PARTNERS, to (i) remove the physical barriers to access and (ii) alter the Subject Property to

make the subject property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. § 36.211, to fulfill its continuing duty to maintain and repair its accessible features and equipment in the future so that the facility remains accessible to and useable by individuals with disabilities in the future, to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain and repair its accessible features and equipment in the future pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211.

E. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F. An award of attorneys' fees, costs (including expert fees), monitoring fees to ensure Defendant comes into and stays in compliance, and litigation expenses pursuant to 42 U.S.C. § 12205;

G. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 22nd day of March, 2021.

Respectfully submitted,


By: <u>*/s/ J. Luke Sanderson*</u>
Jeffrey Lucas Sanderson, Esq.
Counsel for Plaintiff
Tennessee State Bar No.: 35712

<u>Of Counsel:</u>
Wampler, Carroll, Wilson & Sanderson, P.C.
44 N 2nd Street, Ste 502
Memphis, TN 38103
Telephone: (901) 523-1844
Email: luke@wcwslaw.com

**DEFENDANT TO BE SERVED:**
PARK PLACE RETAIL PARTNERS
2002 RICHARD JONES RD STE 200C
NASHVILLE,TN 37215